FILED

2015 FEB 23  AM 8:59

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division

Case No. 6:15-cv-274-Orl-28-GJK

LAUREN L. O'BYRNE, n/k/a
LAUREN L. AZEVEDO

    Plaintiff,

vs.

MRS BPO, L.L.C. d/b/a
MRS Associates, a foreign
Limited liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, LAUREN L. O'BYRNE, n/k/a, LAUREN L. AZEVEDO, by and through her undersigned counsel, hereby files her Complaint and Demand for Jury Trial, sues the Defendant, MRS BPO, L.L.C., d/b/a MRS Associates, and alleges as follows:

    1.    This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, seeking actual damages, statutory damages, attorney's fees and costs.

    2.    Venue in this judicial district is proper under 28 U.S.C. §1391(b). All of the actions and omissions forming the basis for this lawsuit occurred within Orange County, Florida.

    3.    This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d); 28 U.S.C. §§1331, 1337, 1367; and 47 U.S.C. §227.

4. Plaintiff, LAUREN L. O'BYRNE, n/k/a LAUREN L. AZEVEDO, (hereinafter referred to as "Plaintiff" or "O'BYRNE"), brings this action for illegal practices of Defendant, MRS BPO, L.L.C., d/b/a MRS Associates, in connection with its attempts to collect an alleged debt from her.

5. Plaintiff alleges that Defendant, MRS BPO, L.L.C., violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

6. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

8. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6).

## I. PLAINTIFF

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## II. DEFENDANT

10. MRS BPO, L.L.C., is, at all times relevant to this complaint, a debt collection company, having its principal place of business at 1930 Olney Avenue, Cherry Hill, NJ 08003, that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

11. MRS BPO, L.L.C., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant has knowledge and control of the collection activities of their agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

### III. FACTS

13. According to the Defendant, Plaintiff is indebted to Verizon for personal communication services.

14. Defendant first communicated with Plaintiff in writing on March 25, 2013 in an attempt to collect a debt.

15. In response to the communication referred to in the preceding paragraph, Plaintiff sent Defendant a letter dated April 22, 2013 disputing the alleged debt an asking not to be contacted again. Specifically, Plaintiff's exact words were:

> Please **DO NOT CONTACT** me further regarding this matter.

16. Despite being asked not to contact Plaintiff, Defendant communicated with Plaintiff by letter dated February 4, 2015 in an attempt to collect a debt.

17. Plaintiff had no alternative but to seek a judicial remedy to stop Defendant from contacting her as is required by law.

18. Despite being on actual notice that Plaintiff did not want to be contacted about this debt, Defendant contacted the Plaintiff by written communication dated February 4, 2015 in an attempt to collect a debt.[1]

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff sues the Defendant, MRS BPO, L.L.C., and repeats and realleges

---

[1] Defendant is in possession of the documents referred to herein. Legible copies of the documents will be provided upon request without the need for formal discovery.

the allegations in paragraphs 1 through 18 hereof.

20.     The written communication from Defendant to Plaintiff dated February 4, 2015 2015 referred to above was in violation of Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(1) 1692c(1) which provides:

> (c) CEASING COMMUNICATION.  If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

21.     Defendant had actual knowledge that Plaintiff did not want to be contacted.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a.      To declare that Defendant, MRS BPO, L.L.C., has violated the FDCPA;

b.      To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

*O'Byrne v. MRS BPO, LLC etc*
Page 6

c. To award Plaintiff statutory damages not to exceed $1,000.00;

d. To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e. To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.

DATED this 23 February 2015.

                           */s/ N. James Turner*
                           N. James Turner, Esq.
                           Counsel for Plaintiff
                           Florida Bar No. 0203041
                           37 N. Orange Avenue
                           Suite 500
                           Orlando, FL 32801
                           (888) 877-5103
                           Email address:   njtlaw@gmail.com

O'Byrne v. MRS BPO, LLC etc
Page 6

————————

c. To award Plaintiff statutory damages not to exceed $1,000.00;

d. To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e. To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.

DATED this 23 February 2015.

_____
N James Turner, Esq
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address: njtlaw@gmail.com