UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division

Case No. 6:15-cv-Orl-00274-JA-GJK

LAUREN L. O'BYRNE, n/k/a
LAUREN L. AZEVEDO

Plaintiff,

vs.

MRS BPO, L.L.C. d/b/a
MRS Associates, a foreign
Limited liability Company,

Defendant.
_______________________________________/

# AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAUREN L. O'BYRNE, n/k/a, LAUREN L. AZEVEDO, by and through her undersigned counsel, hereby files her Amended Complaint and Demand for Jury Trial, sues the Defendant, MRS BPO, L.L.C., d/b/a MRS Associates, and alleges as follows:

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act, seeking actual damages, statutory damages, attorney's fees and costs.

2. Venue in this judicial district is proper under 28 U.S.C. §1391(b). All of the actions and omissions forming the basis for this lawsuit occurred within Orange County, Florida.

3. This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d); 28 U.S.C. §§1331, 1337, 1367; and 47

U.S.C. §227.

4.     Plaintiff, LAUREN L. O'BYRNE, n/k/a LAUREN L. AZEVEDO, (hereinafter referred to as "Plaintiff" or "O'BYRNE"), brings this action for illegal practices of Defendant, MRS BPO, L.L.C., d/b/a MRS Associates, in connection with its attempts to collect an alleged debt from her.

5.     Plaintiff alleges that Defendant, MRS BPO, L.L.C., violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

6.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.   Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.   The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer."   *LeBlanc v. Unifund CCR Partners*, 601

F.3d 1185 (11th Cir. 2010).

8. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6).

## I. PLAINTIFF

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## II. DEFENDANT

10. MRS BPO, L.L.C., is, at all times relevant to this complaint, a debt collection company, having its principal place of business at 1930 Olney Avenue, Cherry Hill, NJ 08003, that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

11. MRS BPO, L.L.C., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant has knowledge and control of the collection activities of their agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

## III. FACTS

13. According to the Defendant, Plaintiff is indebted to Verizon for personal communication services.

14. Defendant first communicated with Plaintiff in writing on March 25, 2013 in an attempt to collect a debt.

15. In response to the communication referred to in the preceding paragraph, Plaintiff sent Defendant a letter dated April 22, 2013 disputing the alleged debt an asking not to be contacted again. Specifically, Plaintiff's exact words were:

Please **DO NOT CONTACT** me further regarding this matter.

16. Despite being asked not to contact Plaintiff, Defendant communicated with Plaintiff by letter dated February 4, 2015 in an attempt to collect a debt.

17. Plaintiff had no alternative but to seek a judicial remedy to stop Defendant from contacting her as is required by law.

18. Despite being on actual notice that Plaintiff did not want to be contacted about this debt, Defendant contacted the Plaintiff by written communication dated February 4, 2015 in an attempt to collect a debt.[1/]

19. This action was filed under the Fair Debt Collection Practices Act on February 23, 2015 and Defendant was served with the original Complaint in this action on March 4, 2015.

[1/] Defendant is in possession of the documents referred to herein. Legible copies of the documents will be provided upon request without the need for formal discovery.

20. As a result of being served with this lawsuit, Defendant knew that Plaintiff was being represented by counsel as early as March 4, 2015 regarding the Verizon debt referred to in paragraph 13 hereof.

21. By undated letter sent to Plaintiff in an envelope postmarked March 23, 2015, a copy of the letter is attached hereto, Defendant again attempted to collect a debt from the Plaintiff.

22. In the letter referred to in the preceding paragraph, Defendant indicated:

> Enclosed please find the documents you have requested.
>
> If you have any questions or require additional information, please do not hesitate to contact us.

23. As a "least sophisticated consumer," Plaintiff considered the communication referred to in the preceding paragraphs as an attempt to collect a debt from her because:

a. She never requested any documents from the Defendant as was stated in the letter;

b. She had previously and emphatically instructed Defendant not to contact her;

c. As of March 4, 2015, Defendant knew that she was being represented by counsel; and

d. The letter was accompanied by voluminous documents instructing the Plaintiff to pay a certain amount to Verizon.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff sues the Defendant, MRS BPO, L.L.C., and repeats and realleges the allegations in paragraphs 1 through 23 hereof.

25. The written communication from Defendant to Plaintiff dated February 4, 2015 referred to above was in violation of Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(1) which provides:

> (c) CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

26. Defendant had actual knowledge that Plaintiff did not want to be contacted.

27. After Defendant knew that Plaintiff was being represented by counsel, Defendant communicated with the Plaintiff in an attempt to collect a debt.

28. The correspondence to Plaintiff in the envelope postmarked March 23, 2015 was in violation of Section 805(a) of the FDCPA, 15 U.S.C. § 1692c(1) which provides:

> **Communication with the consumer**. Unless the consumer has consented or a court order permits, a debt collector may not communicate with a consumer to collect a debt (1) at any time or place which is unusual or known to be inconvenient to the consumer (8AM-9PM is presumed to be convenient), (2) where he knows the consumer is represented by an attorney with respect to the debt, unless the attorney fails to respond to the communication in a reasonable time period, or (3) at work if he knows the consumer's employer prohibits such contacts.

29. Defendant had actual knowledge that the Plaintiff was represented by legal counsel in connection with the financial obligations referred to above.

TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendant, MRS BPO, L.L.C., has violated the FDCPA;

b. To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c. To award Plaintiff statutory damages not to exceed $1,000.00;

d. To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e. To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.

**COUNT II**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

30. Plaintiff sues the Defendant, MRS BPO, L.L.C., d/b/a MRS Associates, and repeats and realleges the allegations in paragraphs 1 through 23 hereof.

31. Plaintiff is an individual who resides in the State of Florida.

32. Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

33. Defendant is a person as defined in §1.01(3), Fla. Stat.

34. Fla. Stat. §559.72(18) provides:

In collecting consumer debts, no person shall:

> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

35. Defendant has violated Fla. Stat. §559.72(18) by willfully communicating with the Plaintiff knowing that he was being represented by counsel.

36. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

37. Defendant has engaged conduct which can reasonably be expected to abuse or harass the Plaintiff by communicating with the Plaintiff in a deceptive and misleading manner.

38. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this law lawsuit.

39. All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

40. As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

41. Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

42. Plaintiff is a consumer and the obligation between the parties which is the debt owed pursuant to the subject student loan is a consumer debt as defined in Fla. Stat. §559.55(1).

43. As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

44. Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B. That Defendant be enjoined from any and all further illegal collection practice.

C. Actual damages pursuant to Fla. Stat. §559.77(2).

D. Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

E. Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F. For such other and further relief as may be just and proper.

DATED this 31 March 2015.

*/s/ N. James Turner*

N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address: njtlaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 31 March 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael P. Schuette, Esq., SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C., 3350 Buschwood Park Drive, Suite 195, Tampa, FL 33618.

*/s/ N. James Turner*
N. James Turner, Esquire